# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 97-31242

---

In The Matter Of: MARILYN WOODYEAR,

Debtor.

MARILYN WOODYEAR,

Appellant,

versus

CLARKE INSURANCE INC.; FUNDING CORP.;
KEITH A. RODRIGUEZ, Trustee,

Appellees.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-62

---

November 5, 1998

Before REYNALDO G. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Marilyn Woodyear appeals the district court's holding that (1) her interest in her ex-husband's PPG Industries Employee Savings Plan ("Savings Plan") is includable as property of the bankruptcy estate and (2) her interest in the Savings Plan is not exempt from seizure by the bankruptcy trustee under Louisiana law.

The standard of appellate review is set forth in Bankruptcy Rule 8013, which provides that on appeal, "[f]indings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed.R.Bankr.P. 8013. Further, "[w]hen the district court has affirmed the bankruptcy court's findings the review for clear error is strict." Traina v. Whitney Nat. Bank, 109 F.3d 244, 246 (5th Cir. 1997) (citing In re Kemp, 52 F.3d 546, 550 (5th Cir.1995)). The bankruptcy court's conclusions of law, however, are subject to plenary review on appeal. Matter of Herby's Foods, Inc., 2 F.3d 128, 131 (5th Cir. 1993) (citing Fabricators, Inc. v. Technical Fabricators, Inc. (In re Fabricators, Inc.), 926 F.2d 1458, 1464 (5th Cir. 1991)).

Woodyear argues that her interest in the Savings Plan is covered by the Employee Retirement Income Security Act of 1974 ("ERISA"). She further contends that in Patterson v. Shumate, 504 U.S. 753, 765, 112 S.Ct. 2242, 2250, 119 L.Ed.2d 519 (1992), the Supreme Court held that a debtor's interest in an ERISA-qualified pension plan is not property of the bankruptcy estate that can be reached by the trustee. The bankruptcy judge in the instant case, however, determined that because Woodyear was entitled to receive an immediate distribution of her interest in the Savings Plan, the funds were no longer subject to ERISA restrictions and thus were property of the debtor's estate. This determination was affirmed by the district court.

Bankruptcy Code Article 541 defines property of the bankruptcy estate to include funds that a debtor becomes entitled to as a result of a divorce either before bankruptcy filing or before 180 days expire following the bankruptcy filing. 11 U.S.C. § 541(a)(5)(B).[2] Article 541 does not include as property of the bankruptcy estate funds containing a "restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law." 11 U.S.C. § 541(c)(2). Woodyear claims that the Internal Revenue Service has characterized her ex-husband's savings plan as "qualified" under ERISA and that her interest must therefore be ERISA-covered as well. In interpreting the circumstances in which a retirement account is subject to a restriction within the meaning of § 541(c)(2), bankruptcy courts have ruled that if a debtor gains unrestricted access

[2]The Woodyears' divorce judgment was rendered on February 8, 1995. Marilyn Woodyear filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 7, 1996.

to funds in an ERISA-qualified plan within the time that the debtor's bankruptcy estate is forced, such funds are no longer subject to the anti-restriction clause of ERISA and are thus not excludable from the estate. In re Caslavka, 179 B.R. 141, 143 (Bankr. N.D. Iowa 1995); see also In re Reid, 139 B.R. 19, 21 (Bankr. S.D. Cal 1992). Under this analysis, it is clear that Woodyear's interest is not excludable from the estate. In order for Woodyear's interest in the Savings Plan to be recognized, she must present a Qualified Domestic Relations Order ("QDRO") to PPG Industries. This will entitle her to an immediate distribution of approximately $75,000 which will no longer exist in a trust or plan. As ERISA no longer applies to these funds, they are not subject to the anti-restriction clause and therefore must be included as property of the estate.

We find the Supreme Court's holding in Patterson inapplicable to the instant facts and circumstances. As the district court noted, Patterson dealt with a retirement "pension" account set aside for when the debtor himself reached retirement age, as opposed to the savings account at issue in this case, which was set aside for the debtor's former husband, not for his retirement account. Patterson, 504 U.S. at 764-65, 112 S.Ct. at 2250. Perhaps most important to our examination is that the decision in Patterson does not concern a debtor who possesses an unrestricted right to a cash distribution at the time of filing a bankruptcy petition as does Woodyear. We conclude that the district court did not clearly err in affirming the determination of the bankruptcy court.

Second, Woodyear urges that even if her interest in the Savings Plan is considered property of the bankruptcy estate, she is still entitled to claim the funds as exempt under Louisiana law. Under Louisiana law, a person may exempt from a bankruptcy estate those contributions to retirement accounts which are (1) placed into (or "contributed" to) a financial plan itself exempt from federal income tax, and (2) placed into such a financial plan no less than one year before the person files a bankruptcy petition. LSA-R.S. 20:33(1). In turn, the Internal Revenue Code offers tax-shelter treatment for an "employee's" funds which are "rolled over" from an ERISA-qualified employee benefit plan into an individual retirement account, so long as the funds are qualified in the retirement

3

account within sixty days of receipt. 26 U.S.C. § 402(c).[3] Arguing before the district court, Woodyear claimed that at some undetermined time in the future she could obtain a QDRO and "roll over" her interest in her ex-husband's ERISA-qualified Savings Plan into her own retirement account pursuant to 26 U.S.C. § 402(c). Woody ear argued that she therefore was entitled to a present exemption as to those funds in the Savings Plan. The bankruptcy court and the district court, in turn, rejected the debtor's interpretation of the interplay between 26 U.S.C. § 402(c) and LSA-R.S. 20:33 because any attempted rollover under 26 U.S.C. § 402(c) into a retirement account would necessarily be a "contribution" to the retirement account which would not take place at least a year before the debtor filed her bankruptcy petition.

On appeal, Woodyear argues only that the contributions to the Savings Plan meet the requirements of LSA-R.S. 20:33 and that the exemption therefore applies. She again reminds us that Louisiana law makes all individual retirement accounts and all other tax-qualified retirement plans exempt property in a bankruptcy case unless the contributions were made less than one year before the filing of bankruptcy. In order for the Louisiana exemption to apply, Woodyear's interest in the Savings Plan must be tax-exempt. As the bankruptcy court originally determined and we discussed above, once the QDRO is issued, Woodyear's interest in the Savings Plan will no longer exist in a pension plan, account, or trust. Therefore, Woodyear's interest in the Savings Plan is not exempt under LSA-R.S. 20:33. We conclude that the determinations of the bankruptcy court and the district court to this effect are sound.

For the foregoing reasons, we hereby AFFIRM the decision of the district court.

---

[3] For the purposes of the debtor's argument, both the bankruptcy court and the district court assumed without ruling that 26 U.S.C. § 402(c) actually applies to the debtor, despite the fact that she, herself, is not the "employee" to which the Internal Revenue Code appears to refer. The district court noted, and we reiterate, that the debtor has not proffered any evidence to the effect that 26 U.S.C. § 402(c) may be utilized by the ex-spouse of an employee.