**In re Larry Phillip REID and Charlotte Ann Reid, Debtors.**

**Bankruptcy No. 91–09287–H7.**

United States Bankruptcy Court, S.D. California.

April 6, 1992.

Dean T. Kirby, Jr., Stephenson & Prairie, San Diego, Cal., for trustee.

Allan B. Kinch, Escondido, Cal., for debtors.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

Debtor Larry Reid ("Debtor") claimed an exemption for his interest in an ERISA qualified Savings and Stock Investment Plan ("Plan"). The Chapter 7 trustee, Eric Wolf, objected. At issue is whether the debtor's interest in the Plan is property of the estate under § 541(a)(1) of the Bankruptcy Code.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157 and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## FACTS

General Dynamics Corporation ("Corporation") employed the debtor. The Corporation provided a Savings and Stock Investment Plan in which its eligible employees could choose to participate. The debtor elected to participate.

The Plan contains an anti-alienation and anti-assignment provision as required by 29 U.S.C. § 1056(d)(1), 26 U.S.C. § 401(a)(13), and 26 C.F.R. § 1.401(a)–13. The Corporation is the Plan Administrator and Named Fiduciary under ERISA for the Plan, and is authorized to manage and control the Plan's operation and administration. Employees could contribute various percentages of their salary to the Plan before their salary was received as taxable income. The Corporation matched a percentage of employee contributions.

An employee could access the trust corpus only upon retirement, death, disability or termination of employment. The Plan, however, did contain a loan provision and a hardship provision to allow employees access to funds under a set of specific circumstances.

The debtor voluntarily terminated his employment on June 21, 1991. Under the Plan, an employee who terminates employment receives a distribution only if one is specifically requested. Otherwise, distribution of the account balance is deferred until the former employee requests one. The debtor did not ask for a distribution at the time of his termination.

On August 1, 1991, the debtor filed a Chapter 7 petition. On that date the debtor's interest in the Plan was valued at $44,000. The debtor claimed his interest in the Plan as an exemption in his bankruptcy schedules under Cal.Civ.Code Proc. ("CCP") § 704.110.[1]

## DISCUSSION

The trustee argues that the debtor's interest in the Plan can be excluded from property of the estate only if it is a spendthrift trust under state law. This is the majority position and current law of this circuit. *In re Reed*, 951 F.2d 1046 (9th Cir.1991); *Pitrat v. Garlikov*, 947 F.2d 419 (9th Cir.1991); *In re Daniel*, 771 F.2d 1352, 1360 (9th Cir.1985), *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *In re Lichstrahl*, 750 F.2d 1488 (11th Cir. 1985); *In re Graham*, 726 F.2d 1268 (8th Cir.1984); *In re Goff*, 706 F.2d 574 (5th Cir.1984). If the debtor's Plan qualifies as a spendthrift trust, it will be excluded from the estate under § 541(c)(2) which states:

> A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

The debtor contends that his ERISA qualified plan is essentially the same as an Individual Retirement Account ("IRA") that would be exempt. The debtor's contention is based on the fact that his distribution under the Plan is eligible for roll-

---

1. The debtor mistakenly refers to CCP § 704.110 which applies only to benefits payable by retirement systems established by public entities such as states or municipalities. The applicable statute is CCP § 704.115 which refers to private retirement plans.

over into an IRA account. This argument is without merit for at least two reasons. First, an ERISA qualified plan is governed by 26 U.S.C. § 401(a), while an IRA, by contrast, is governed by 26 U.S.C. § 219. See 26 U.S.C. § 219. Second, a rollover from an ERISA plan into an IRA does not happen automatically. Two transactions must take place. An initial distribution must be made to the employee who then must transfer any portion of the distribution to an eligible retirement plan within 60 days. See 26 U.S.C. § 402. No distribution was ever made to the debtor. The debtor's interest in the Plan, therefore, cannot be considered an IRA and must be analyzed according to state spendthrift trust law.

 A significant factor in deciding whether the Plan meets the California spendthrift trust requirements is the debtor's degree of control over his trust. *In re Reed*, 951 F.2d 1046, 1050 (9th Cir.1991); *In re Kincaid*, 917 F.2d 1162 (9th Cir.1990); *In re Kaplan*, 97 B.R. 572, 577 (9th Cir. BAP 1989). At the date of filing bankruptcy, the debtor was no longer an employee of the Corporation. Thus, under the terms of the Plan, the debtor has the right to demand a lump sum distribution at any time. This right allows the debtor to manipulate the trust for his own purposes and control the timing of his distribution. Because the debtor has unrestricted access to the funds, the court concludes that the debtor's Plan does not constitute a valid spendthrift trust. Thus, the Plan is not excludable from the debtor's estate. *In re Shuman*, 78 B.R. 254, 257 (9th Cir. BAP 1987); *In re Pettit*, 61 B.R. 341 (Bankr. W.D.Wash.1986).

The court notes that had the debtor rolled over his interest in the Plan to an IRA, it may have qualified as a exemption.

## CONCLUSION

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. Counsel for the trustee is directed to file with this court an order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.