**In re Wayne Kenneth FRIEDMAN,
Debtor.**

**Wayne Kenneth FRIEDMAN, Appellant,**

v.

**William H. BROACH, Trustee, Appellee.**

**BAP No. NC–97–1019–NRRY.
Bankruptcy No. 96–48944–TR.**

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted March 18, 1998.

Decided May 7, 1998.

Iain A. MacDonald, Law Offices of Iain A. MacDonald, San Francisco, CA, for Wayne Kenneth Friedman.

Reidum Stromsheim, Law Offices of Reidum Stromsheim, San Francisco, CA, for William H. Broach, Trustee.

Before: NIELSEN,[1] RUSSELL, and RYAN, Bankruptcy Judges.

## OPINION

NIELSEN, Bankruptcy Judge.

Debtor appeals the bankruptcy court's ruling sustaining trustee's objection to a claimed exemption. We **AFFIRM.**

### I. FACTS

Appellant Wayne Kenneth Friedman ("debtor") was the owner of World Auxiliary Power Company ("WAPCO"). Appellant asserts that WAPCO established an ERISA-qualified pension plan.

On September 26, 1996, appellant loaned himself and his wife $30,000 in two $15,000 loans from their pension plan. Promissory notes[2] totaling $30,000 were allegedly executed.

Debtor maintains that he made a direct deposit of $30,000 into a separate account with Bank of America and used approximately $12,000 to pay household bills. The funds in this checking account were subsequently levied in the amount of $17,697.59 (the "disputed funds"). Appellant asserts that no other pre-petition or post-petition deposits from any other source were made into this account.

On October 22, 1996, debtor filed a chapter 7 bankruptcy petition. Debtor made an exemption claim for the disputed funds under

---

1. Hon. George B. Nielsen, Jr., Chief Bankruptcy Judge for the District of Arizona, sitting by designation.

2. The record provided by appellant includes an "Irrevocable Pledge and Assignment" evidencing a $30,000 loan. However, the "attached" promissory note is from an earlier April 22, 1996 loan for $20,000.

California Code of Civil Procedure ("CCP") section 704.115(b). William H. Broach, trustee, objected.

Following a hearing on January 3, 1997, the bankruptcy court subsequently entered an order holding that the disputed funds were not exempt under CCP section 704.115(b), and sustained trustee's objection.

## II. ISSUE ON APPEAL

Whether funds borrowed from a private pension plan are exempt under CCP section 704.115(b).

## III. STANDARD OF REVIEW

[1] The bankruptcy court's application of California exemption law is a question of statutory construction which is reviewed de novo. *Spenler, M.D. v. Siegel (In re Spenler, M.D.)*, 212 B.R. 625, 628 (9th Cir. BAP 1997).

## IV. DISCUSSION

The filing of a petition creates an estate comprising all legal or equitable interests of the debtor in property as of the commencement of the case. *See* 11 U.S.C. § 541. However, the Bankruptcy Code permits individual debtors to exempt assets from the bankruptcy estate. A debtor may exempt either assets delineated in the Bankruptcy Code or assets exempted by the law of the debtor's state. California provides the option of choosing between exemptions available to non-bankrupts, and state bankruptcy exemptions, which are identical to the federal exemptions. *See DeMassa v. MacIntyre (In re MacIntyre)*, 74 F.3d 186, 187 (9th Cir. 1996).

Here, debtor claimed an exemption under CCP section 704.115(b), which provides an exemption for all amounts held in private retirement plans. Section 704.115(b) provides: "All amounts held, controlled, or in the process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment, or death benefit from a private retirement plan are exempt." In addition to this provision, debtor cites two other California statutory provisions.

First, debtor cites CCP section 704.115(d), which provides that "[a]fter payment, the amounts described in subdivision (b) and all contributions and interest thereon returned to any member of a private retirement plan are exempt."

Second, debtor cites CCP section 703.080, which provides in pertinent part: "(a) Subject to any limitation provided in the particular exemption, a fund that is exempt remains exempt to the extent that it can be traced into deposit accounts or in the form of cash or its equivalent."

Debtor argues that this statutory scheme provides that if the funds were part of a private retirement plan, they retain their exempt character, even if debtor has borrowed the funds from his plan, because the borrowed funds are easily traceable. Debtor also argues that if the corpus is exempt, then any monies received from it are exempt. Appellant's Br. at 3–4.

Trustee disputes this, arguing that an exemption under CCP section 704.115(b) must be both (1) an amount held, controlled or in the process of distribution by a private retirement plan, and (2) for the payment of benefits. Trustee argues that debtor's reading of the statute ignores the second prong, which requires that the payment be a "payment of benefits." Further, trustee argues CCP section 704.115(d) is inapplicable as the disputed funds were not a payment of benefits. Instead, they were merely borrowed to pay household expenses. Further, he argues the tracing provision of CCP section 703.080 is inapplicable, as that section is limited by the language "subject to any limitation provided in the particular exemption." Trustee argues that CCP section 704.115(b) is the applicable provision. Appellee's Br. at 4.

While we are guided by the principle that "[t]he purpose of the section 704.115 exemption for the corpus of private retirement plans is to safeguard a stream of income for retirees at the expense of bankruptcy creditors," *MacIntyre*, 74 F.3d at 188, we are also mindful that in construing these provisions, we must presume that a legislature says in a statute what it means and means in a statute what it says. *Id.*

A fair reading of the California statutes supports trustee. First, CCP section 704.115(b) exempts only private retirement plan funds held, controlled, or in the process of distribution *"for the payment of benefits."* Cal.Civ.Proc.Code § 704.115(b). In the present case, the disputed funds were no longer held, controlled, or in the process of distribution for payment of benefits. Instead, once they were loaned to debtor, they lost their exempt status. They no longer met all of the requirements under section 704.115(b).

CCP section 704.115(d) does not change this result. This provision maintains the exemption of CCP section 704.115(b) for funds distributed or returned to a plan member. The critical issue is whether the funds distributed or returned are section 704.115(b) funds. If "payment" is made to a member as an annuity, pension, retirement allowance, disability payment, or death benefit, then such monies are exempt under section 704.115(d), because payment is of funds "described in subdivision (b)." Cal.Civ.Proc. Code § 704.115(d).

In this case, the payment to debtor was not a "payment of benefits." Instead, the payment was a loan from the plan. The funds loaned are not exempt under CCP section 704.115(d), as they were not CCP section 704.115(b) funds.

Finally, the tracing provision of section 703.080 is not helpful. Section 703.080(a) provides that: (1) subject to any limitation provided in a particular exemption; (2) a fund "that is exempt" will remain exempt to the extent that it "can be traced into deposit accounts or in the form of cash or its equivalent." Here, the "limitation provided in the particular exemption" is that the funds must be held, controlled or in the process of distribution "for the payment of benefits" to be exempt. Since the funds do not meet this qualification, they are not exempt.

### V. CONCLUSION

The disputed funds are not exempt under California law. The bankruptcy court properly sustained trustee's objection to debtor's exemption. Accordingly, we AFFIRM.