[No. B187748. Second Dist., Div. Four. Feb. 13, 2007.]

HUGH S. McMULLEN, Plaintiff and Respondent, v.
DON H. HAYCOCK, Defendant and Appellant.

COUNSEL

Don H. Haycock, in pro. per., for Defendant and Appellant.

Timothy G. Dallinger for Plaintiff and Respondent.

OPINION

SUZUKAWA, J.— Under California law, assets held in private retirement plans are fully exempt from execution, both before and after distribution to the judgment debtor. (Code Civ. Proc., § 704.115, subds. (b), (d).)[1] Individual retirement accounts (IRA's), however, are exempt only to the extent "necessary to provide for the support of the judgment debtor when the judgment debtor retires and for the support of the spouse and dependents of the judgment debtor, taking into account all resources that are likely to be available for the support of the judgment debtor when the judgment debtor

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

retires." (§ 704.115, subd. (e).) In this appeal, we must decide which exemption under section 704.115 applies to assets that were rolled over from a fully exempt private retirement plan into an IRA—the full exemption for private retirement plans under section 704.115, subdivisions (b) and (d), or the limited exemption for IRA's under subdivision (e).

Appellant judgment debtor Don H. Haycock appeals from a postjudgment order that applied the limited exemption under subdivision (e) of section 704.115 to the assets that were rolled over from his fully exempt private retirement plan into an IRA. Haycock contends that under the California tracing statute (§ 703.080, subd. (a)), because all of the assets in his IRA can be traced to his fully exempt private retirement plan, the full exemption continues to apply to those funds. Respondent judgment creditor Hugh S. McMullen contends, however, that the full exemption was lost when the exempt private retirement plan assets were rolled over into the IRA, because IRA's are given only a limited exemption under section 704.115, subdivision (e). We conclude that because California law permits the tracing of exempt funds (§ 703.080, subd. (a)), the mere transfer of the fully exempt private retirement plan assets to the IRA did not necessarily eliminate their full exemption under section 704.115, subdivisions (b) and (d). We reverse and remand with directions.

## BACKGROUND

The underlying facts were stated in our prior unpublished opinion affirming McMullen's malicious prosecution judgment against Haycock. (*McMullen v. Haycock* (Aug. 16, 2006, B185187) [nonpub. opn.].) After the remittitur was issued, McMullen sought to enforce the judgment of $515,415.44 plus interest and costs by levying a writ of execution against Haycock's accounts with Charles Schwab & Co., Inc.

Haycock claimed a full exemption for the assets held in his rollover IRA, arguing that the IRA contained only exempt private retirement benefits that remained fully exempt under section 704.115, subdivisions (b) and (d). Under subdivision (b), which applies to funds held by a private retirement plan before distribution, "[a]ll amounts held, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment, or death benefit from a private retirement plan are exempt." (§ 704.115, subd. (b).) Under subdivision (d), which applies after the distribution of such funds, "the amounts described in subdivision (b) and all contributions and interest thereon returned to any member of a private retirement plan are exempt." (§ 704.115, subd. (d).) McMullen, on the other hand, moved to apply the limited exemption for IRA's provided in section 704.115, subdivision (e), which exempts only the

amount "necessary to provide for the support of the judgment debtor and his dependents when the judgment debtor retires, taking into account all resources that are likely to be available at the time of retirement." (*Schwartzman v. Wilshinsky* (1996) 50 Cal.App.4th 619, 624–625 [57 Cal.Rptr.2d 790].)

In support of his claim for a full exemption, Haycock submitted a declaration in which he traced all of the funds in his rollover IRA back to the funds that were distributed from his fully exempt private retirement plan with Hughes Aircraft Company. Haycock declared that upon retiring from Hughes in 1987, he had placed the funds that were distributed from his private retirement plan into a savings account, which he then rolled over into the IRA. No other assets were added to the rollover IRA since that time.

McMullen did not dispute Haycock's tracing of the funds from the fully exempt retirement plan to the rollover IRA. McMullen argued, however, that when the exempt funds were rolled over into the IRA, the funds lost their fully exempt status under section 704.115, subdivision (d) and became, like all other IRA's, subject to subdivision (e)'s limited exemption for IRA's.

The trial court adopted McMullen's position and, under subdivision (e) of section 704.115, exempted only $100,000 of the IRA's total assets, which exceeded $400,000. This appeal followed. (§ 703.600 [orders granting or denying exemption claims are appealable].)

## DISCUSSION

Haycock contends, as he did below, that because all of the assets in his rollover IRA can be traced to the exempt funds that were distributed from a fully exempt private retirement plan, the assets remained fully exempt, as a matter of law, under section 704.115, subdivisions (b) and (d). McMullen argues that rolling over the exempt private retirement plan funds into the IRA eliminated their fully exempt status because IRA's are exempt under section 704.115, subdivision (e) only to the extent necessary to provide for the support of the judgment debtor and his dependents upon retirement.

Section 704.115 is silent on whether the exemption to be applied to rollover IRA's is the full exemption that applies to funds distributed by a private retirement plan under subdivisions (b) and (d), or the limited exemption that applies to IRA's in general under subdivision (e). There is nothing in the language of section 704.115 that compels the conclusion that fully exempt assets that are rolled over into an IRA will necessarily lose the exemption under subdivision (d) that would otherwise apply to funds distributed from a private retirement plan.

■ We treat the question before us as one of law because there are no conflicts in the evidence and no dispute regarding the tracing of the fully exempt funds from the private retirement plan to the rollover IRA. (See *Schwartzman v. Wilshinsky, supra*, 50 Cal.App.4th at p. 626 [the appellate court may decide an issue as one of law if there is no conflict in the evidence or an issue is presented on appeal upon undisputed facts].) In deciding this appeal, we also bear in mind that "exemption statutes should be construed, so far as practicable, to the benefit of the judgment debtor. [Citation.]" (*Id.* at p. 630.)

Although section 704.115 says nothing regarding the tracing of exempt assets from fully exempt private retirement accounts to rollover IRA's, California law expressly provides for the tracing of exempt funds. Section 703.080 states that "[s]ubject to any limitation provided in the particular exemption, a fund that is exempt remains exempt to the extent that it can be traced into deposit accounts or in the form of cash or its equivalent." (§ 703.080, subd. (a).)

In this case, the funds in Haycock's private retirement plan were fully exempt both before distribution under subdivision (b) and after distribution under subdivision (d) of section 704.115. McMullen argued, however, that the full exemption was lost when the funds were rolled over into an IRA, because IRA's have only a limited exemption under subdivision (e) of section 704.115. In support of his position, McMullen relied upon *In re Mooney* (Bankr. C.D.Cal. 2000) 248 B.R. 391, in which a federal bankruptcy court held, in a case of first impression, that the debtors' exempt funds from a private retirement account were no longer fully exempt after they were rolled over into an IRA. The bankruptcy court in *Mooney* applied the limited exemption for IRA's under subdivision (e) of section 704.115 and rejected the debtors' contention that under section 703.080, the funds remained fully exempt. The bankruptcy court determined that section 703.080 did not assist the debtors because "the tracing of exempt funds . . . is subject to any limitation provided in a particular exemption." (248 B.R. at p. 395.) Given that subdivision (e) of section 704.115 provides only a limited exemption for IRA's and was amended to include a reference to an Internal Revenue Code statute dealing with rollover IRA's, the bankruptcy court reasoned that the California Legislature "contemplated rollover contributions to IRAs to fall within the definition of 'individual retirement accounts' under [section] 704.115[, subdivision] (a)(3)." (248 B.R. at p. 397.)

■ Decisions of lower federal courts are not binding on this court, even on federal questions. (See *People v. Crittenden* (1994) 9 Cal.4th 83, 120, fn. 3 [36 Cal.Rptr.2d 474, 885 P.2d 887].) We disagree with *Mooney*'s interpretation that under section 703.080, subdivision (a), the full exemption that

applies to private retirement plan funds must be altered to fit the exemption that applies to the new account into which the funds are transferred.[2]

■ In our view, section 703.080, subdivision (a) does not require that a retiree who rolls over funds from an exempt private retirement plan to an IRA must waive the benefits of the tracing statute and forgo the full exemption that would otherwise apply to the transferred funds had they been invested in an account other than an IRA. *Mooney* focused on the limited exemption that applies to IRA's in general, because that was the type of account into which the exempt funds happened to be deposited. But we think the relevant question under section 703.080, subdivision (a) is whether the original exemption that applied to the funds when they were held in a private retirement plan imposed any limitations on the tracing of those funds after their distribution. In the absence of statutory limitations on the tracing of funds distributed from private retirement plans, we can think of no reason not to trace fully exempt private retirement plan funds under section 703.080, subdivision (a) to their new location or account and continue to apply the full exemption, regardless of the type of exemption that would otherwise apply to the new account without the tracing statute.

According to the legislative committee comment to section 703.080, the tracing statute "applies to any fund that is exempt, but may be limited in its application. The introductory clause of subdivision (a) recognizes that certain proceeds may be traced as exempt only for a limited period. See Sections 704.010 (90 days in case of motor vehicle), 704.020 (90 days in case of household furnishings and other personal [e]ffects), 704.060 (90 days in case of tools), 704.720 (six months in case of claimed homestead), 704.960 (six months in case of declared homestead). See also Section 704.070 (earnings paid during previous 30 days)." (Legis. Com. com., 17 West's Ann. Code Civ. Proc. (1987 ed.) foll. § 703.080, p. 296.) Our determination that only the limitations on tracing found, if any, in the exemption statute for private retirement plans are relevant to our determination of this appeal is consistent with the legislative committee comment. Although a legislative committee comment "is certainly not conclusive, it is also not without persuasive value." (*Deutch v. Hoffman* (1985) 165 Cal.App.3d 152, 154 [211 Cal.Rptr. 319].)

■ "The exemption statutes should be construed, so far as practicable, to the benefit of the judgment debtor. [Citation.]" (*Schwartzman v. Wilshinsky, supra*, 50 Cal.App.4th at p. 630.) We have reviewed the exemption statutes

---

[2] *Mooney* stated: "The limitation on IRAs under [section] 704.115 is clearly set forth in subdivision (e). The first sentence in subdivision (e) states simply and clearly, '[n]otwithstanding subdivisions (b) and (d) . . . the amounts described in paragraph (3) of subdivision (a) are exempt only to the extent necessary . . . .' Debtors urge this court to disregard subdivision (e) and, instead, rely solely on subdivisions (b) and (d). This argument is contrary to the plain language of subdivision (e) which specifically cites to and modifies subdivisions (b) and (d)." (*In re Mooney, supra*, 248 B.R. at p. 395.)

and can discern no limitations on the tracing of exempt funds from private retirement plans. Accordingly, we are compelled to conclude in favor of the judgment debtor that under the tracing statute (§ 703.080, subd. (a)), the exempt private retirement plan funds retained their full exemption under section 704.115, subdivisions (b) and (d) after being rolled over into the IRA.

■ Our reading of the relationship between section 740.115 and the tracing statute also comports with the rules of statutory construction. "[O]ur task is to ascertain the intent of the Legislature so as to effectuate the purpose of the enactment. [Citation.] We look first to the words of the statute, which are the most reliable indications of the Legislature's intent. [Citation.] We construe the words of a statute in context, and harmonize the various parts of an enactment by considering the provision at issue in the context of the statutory framework as a whole. [Citations.]" (*Cummins, Inc. v. Superior Court* (2005) 36 Cal.4th 478, 487 [30 Cal.Rptr.3d 823, 115 P.3d 98].) If we were to accept the rationale of the bankruptcy court in *Mooney*, the effect would be to create an exception to the tracing statute not contained in its language. The statute could never be applied to trace funds from an IRA, because the rule would be once an IRA, always an IRA. This interpretation would also be contrary to the purpose of section 704.115. "The purpose of this exemption is to safeguard a source of income for retirees at the expense of creditors." (*Yaesu Electronics Corp. v. Tamura* (1994) 28 Cal.App.4th 8, 13 [33 Cal.Rptr.2d 283].) The goal of protecting retirement assets is best met by applying the tracing statute liberally to allow a debtor to trace funds in a manner that best protects his or her assets.

McMullen cites *Mooney* for the proposition that public policy justifies extinguishing the full exemption for private retirement plans when the funds are rolled over into an IRA. He argues IRA's should be only partially exempt because they are controlled by a single investor, whereas private retirement plans are fully exempt because they are administered for the benefit of many employees. (*In re Mooney, supra*, 248 B.R. at p. 402.) We are not persuaded. Given that private retirement funds remain fully exempt after distribution, we see no policy reason to extinguish the full exemption simply because the assets are deposited in an IRA rather than in a safe deposit box or under a mattress, where they would be completely under the investor's control. Moreover, whether a recipient of benefits retains control of that asset is not dispositive on the issue of exemption. Unemployment and disability or health insurance benefits are exempt from attachment, with certain specific limitations, notwithstanding the fact that the beneficiary has exclusive control of the money. (§§ 704.120 [child support exception], 704.130 [health care provider exception].)

We find the trial court should not have applied the limited exemption applicable to IRA's under section 704.115, subdivision (e) to Haycock's

rollover IRA. Accordingly, we reverse the order and remand with directions to grant Haycock a full exemption under section 704.115, subdivision (d).

## DISPOSITION

The order is reversed and the matter remanded with directions to enter a new order granting a full exemption under section 704.115, subdivision (d) to the assets held in Haycock's rollover IRA account. Haycock is awarded his costs on appeal.

Willhite, Acting P. J., and Manella, J., concurred.