Filed 1/26/15  Salazar v. Apple American Group, LLC CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| FRANCISCO SALAZAR, | |
| Plaintiff and Respondent, | E059562 |
| v. | (Super.Ct.No. CIVDS1208437) |
| APPLE AMERICAN GROUP, LLC, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Melissa L. Griffin for Defendant and Appellant.

Kingsley & Kingsley, Eric B. Kingsley, Darren M. Cohen and Kelsey M. Szamet for Plaintiff and Respondent.

In this appeal, defendant and appellant Apple American Group, LLC (Apple) challenges an order denying its petition to compel plaintiff and respondent Francisco Salazar to arbitrate his representative claim for penalties under the Labor Code Private

1

Attorneys General Act of 2004 (PAGA). (Labor Code, § 2698 et seq.) According to Apple, the trial court erred because California's public policy against the enforcement of class action waivers in arbitration agreements is preempted by the Federal Arbitration Act (FAA) as interpreted by the United States Supreme Court in *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___ [131 S.Ct. 1740] (*Concepcion*).

After briefing was completed in this appeal, the California Supreme Court rendered its decision in *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*). In *Iskanian*, the Supreme Court held "that an arbitration agreement requiring an employee as a condition of employment to give up the right to bring representative PAGA actions in any forum is contrary to public policy," "that the FAA's goal of promoting arbitration as a means of private dispute resolution does not preclude our Legislature from deputizing employees to prosecute Labor Code violations on the state's behalf," and that "the FAA does not preempt a state law that prohibits waiver of PAGA representative actions in an employment contract." (*Id*. at pp. 359-360.)

We directed the parties to file supplemental briefs addressing the effect of *Iskanian* on this appeal. In his supplemental brief, Salazar argued that *Iskanian* is controlling and renders Apple's appeal to be moot, and he suggested that Apple should either abandon its appeal or voluntarily request that it be dismissed. Rather than abandon its appeal, Apple argued in its supplemental brief that the decision in *Iskanian* was wrongly decided and that, applying *Concepcion*, we must reverse. In the alternative, Apple informed us that the losing party in *Iskanian* would shortly be filing a petition for

writ of certiorari in the United States Supreme Court (petn. for cert. filed Sept. 22, 2014, No. 14-341), and asked that we hold this appeal in abeyance pending a ruling from the high court on that petition.

Under settled principles of stare decisis, we do not have the luxury to question whether *Iskanian* was correctly decided and we are duty bound to apply it in this appeal. Moreover, the United States Supreme Court has now denied the petition for writ of certiorari. (*CLS Transportation Los Angeles, LLC v. Iskanian* (Jan. 20, 2015, No. 14-341) 574 U.S. ___ [83 U.S.L.W. 3196] [<http://www.supremecourt.gov/search.aspx?filename=/docketfiles/14-341.htm> (as of Jan. 26, 2015)].) Applying *Iskanian*, we conclude the trial court correctly denied Apple's petition to compel Salazar to arbitrate his representative PAGA claim, and therefore we affirm.

I.

FACTS AND PROCEDURAL HISTORY

In his first amended complaint, Salazar alleged, on behalf of himself and others similarly situated, that defendant Apple failed to pay wages and/or overtime pay and violated sections 201 to 203, and section 212 of the Labor Code. Salazar pleaded causes of action for: (1) damages for violation of Labor Code section 212; (2) waiting time penalties under Labor Code section 203; (3) injunctive relief and restitution for unfair competition in violation of Business and Professions Code section 17200; and (4) penalties under PAGA.

Apple answered the first amended complaint, and subsequently petitioned the superior court to compel Salazar to arbitrate his claims. In support of its petition, Apple submitted an arbitration agreement that Salazar signed as a condition of his employment. The agreement provided that, by signing, Salazar "agree[d] that all legal claims or disputes covered by the Agreement must be submitted to binding arbitration and that this binding arbitration will be the sole and exclusive final remedy for resolving any such claim or dispute." The "legal claims" covered by the agreement included "claims for wages or other compensation." The agreement provided that arbitration would solely adjudicate Salazar's "individual claim and that any claim subject to arbitration will not be arbitrated on a collective or class-wide basis."

Apple argued that the binding arbitration agreement was governed by the FAA; that California law, which interfered with enforcement of the agreement, was preempted by the FAA; and that the agreement was enforceable because it was not unconscionable. Apple also argued that the class action waiver in the agreement was enforceable, and that, notwithstanding the California Supreme Court's holding in *Gentry v. Superior Court* (2007) 42 Cal.4th 443 (*Gentry*) that class action arbitration waivers in employment agreements are contrary to California public policy and are therefore unenforceable, Salazar's representative PAGA claim was subject to binding arbitration. According to Apple, the continued validity of *Gentry* was a matter of serious doubt in light of the decision in *Concepcion*, in which the United States Supreme Court held that California's public policy against enforcing class action waivers in consumer arbitration clauses was

4

preempted by the FAA. In the alternative, Apple informed the trial court that the question of whether PAGA claims were subject to binding arbitration was pending before the California Supreme Court (*Iskanian*, *supra*, review granted Sept. 19, 2012, S204032), and it asked the trial court to sever and stay Salazar's PAGA claim until a decision in that case, and to order arbitration on Salazar's remaining claims.

Salazar opposed the petition, contending the arbitration agreement was a contract of adhesion and was procedurally and substantively unconscionable. He also argued that Apple waived its right to compel arbitration by unreasonably delaying filing its petition to compel arbitration until eight months after Salazar filed his original complaint. Salazar argued that enforcing the class arbitration waiver would violate the National Labor Relations Act (NLRA) and would wrongly preclude him from vindicating his statutory rights under the Labor Code. Finally, Salazar argued that the decision of the Court of Appeal in *Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489 (*Brown*) prohibited the trial court from compelling him to arbitrate his representative PAGA claim, and he asked the court to reject Apple's request for a stay of that claim.

During the hearing on Apple's petition, the trial court found by clear and convincing evidence that a valid arbitration agreement existed; that Salazar understood what he was doing when he signed it and that his signature was not obtained by "any type of unconscionable overreaching"; and that "it is appropriate to order this matter to arbitration per the contract." The court also found no waiver by Apple of the right to move to compel arbitration. However, the court agreed with Salazar that, under *Brown*, it

5

could not compel the PAGA claim to be arbitrated. Therefore, the court tentatively ruled that the PAGA claim would be severed and that Salazar would be ordered to arbitrate his remaining claims.

In response to the trial court's tentative ruling, Salazar's attorney asked that the court continue the hearing so he could confer with his client about dismissing his individual causes of action and proceeding solely on the representative PAGA claim. The trial court granted counsel's request and continued the hearing. At the continued hearing, Salazar's attorney informed the court that Salazar agreed to dismiss his individual claims. Rather than present additional arguments on the arbitrability of PAGA claims, Apple informed the court that it would immediately appeal from the denial of its petition on that claim. In its written ruling, the court granted Salazar's oral motion to dismiss without prejudice his individual claims, and denied Apple's petition to compel arbitration on Salazar's representative PAGA claim.

Apple appealed. (Code Civ. Proc., § 1294, subd. (a).)

II.

DISCUSSION

The plaintiff in *Iskanian*, *supra*, 59 Cal.4th 348, filed his wage and hour lawsuit on behalf of himself and other similarly situated employees, including alleging a PAGA claim, and the defendant employer successfully moved the trial court to compel the

6

plaintiff to arbitrate his claims.[1]  Following the California Supreme Court's decision in

*Gentry*, *supra*, 42 Cal.4th 443, the Court of Appeal granted a petition for writ of mandate

and directed the trial court to reconsider the motion to compel arbitration.  (*Iskanian*, at

p. 361.)  The employer withdrew its motion to compel arbitration, but later filed a

renewed motion after the United States Supreme Court decided *Concepcion*.  The

employer argued that *Concepcion* invalidated *Gentry*, and that class waivers are

enforceable under the FAA.  The trial court agreed, and ordered the plaintiff to arbitrate

his individual claims and dismissed the class claims with prejudice.  (*Iskanian*, at p. 361.)

The Court of Appeal agreed that *Gentry* was no longer good law, and affirmed.

(*Iskanian*, at pp. 361-362.)

On grant of review, the California Supreme Court held that *Concepcion* abrogated

*Gentry* and that California's public policy against the enforcement of class action waivers

in employment agreements is preempted by the FAA.  (*Iskanian*, *supra*, 59 Cal.4th at

pp. 362-366.)  The court also held that class action waivers in employment agreements do

not violate the NLRA (*id.* at pp. 366-374), and that the employer did not waiver its right

to compel arbitration (*id.* at pp. 374-378).

---

[1]  In *Iskanian*, the arbitration agreement expressly provided that the plaintiff could
"'not assert class action or representative action claims . . . in arbitration or otherwise,'"
and that the employee agreed he would "'not seek to represent the interests of any other
person.'"  (*Iskanian*, *supra*, 59 Cal.4th at pp. 360-361.)  In contrast, the agreement that
Salazar signed only expressly prohibits "arbitration . . . on a collective or class-wide
basis," and it makes no mention whatsoever of "representative" claims.  We assume for
purposes of this decision that the agreement does purport to bar arbitration of Salazar's
"representative" claim.

With respect to the plaintiff's PAGA claim, the California Supreme Court held that, unlike class actions, which vindicate the private interests of the members of the class, a claim for penalties under PAGA is like a qui tam action and is brought on behalf of the State of California. (*Iskanian*, *supra*, 59 Cal.4th at pp. 378-382.) Because representative PAGA claims are meant to vindicate public rights, the court held that an employment agreement which compels waiver of such a claim is contrary to public policy and is unenforceable under state law. (*Id*. at pp. 382-384.) Finally, the court held that California's public policy against the waiver of representative PAGA claims in employment agreements is not preempted by the FAA. "There is no indication that the FAA was intended to govern disputes between the government in its law enforcement capacity and private individuals. Furthermore, although qui tam citizen actions on behalf of the government were well established at the time the FAA was enacted [citation], there is no mention of such actions in the legislative history and no indication that the FAA was concerned with limiting their scope. [Citation.]" (*Id*. at p. 385.)

The court noted that its conclusion was consistent with the United States Supreme Court's jurisprudence because all but one of its decisions on FAA preemption involved lawsuits brought by private persons to vindicate their private rights, and the one case that involved the government as a party—*EEOC v. Waffle House, Inc.* (2002) 534 U.S. 279—found no preemption even though the government sued "to obtain victim-specific relief." (*Iskanian*, *supra*, 59 Cal.4th at pp. 385-386.) "Simply put, a PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising

8

out of their contractual relationship.  It is a dispute between an employer and the *state*, which alleges directly or through its agents—either the [Labor and Workforce Development] Agency or aggrieved employees—that the employer has violated the Labor Code."  (*Id*. at pp. 386-387.)

*Iskanian* is on all fours with this case, and Apple does not contend otherwise.  Instead, Apple argues that *Iskanian* was wrongly decided and "is in direct conflict with" *Concepcion*, and that the order denying its petition to compel arbitration "must be overturned, despite the ruling in *Iskanian*."  We are in no position to question whether *Iskanian* was correctly decided, and we are duty-bound to follow it in this case.[2]  (*Auto Equity Sales*, *Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 ["The decisions of this court are binding upon and must be followed by all state courts of California"]; *Union of American Physicians and Dentists v. Brown* (2011) 195 Cal.App.4th 691, 700 ["It is not our place to question our Supreme Court's rulings on this point"].)

---

[2]  The sole authority that Apple cites in its supplemental brief in support of its assertion that *Iskanian* conflicts with *Concepcion* is an unpublished order from the United States District Court.  (*Fardig v. Hobby Lobby Stores* (C.D.Cal., Aug. 11, 2014, No. SACV 14-00561 JVS (ANx)) 2014 U.S.Dist. Lexis 139359.)  As counsel for Apple stated during oral argument, a number of United States District Courts have reached the same conclusion.  Nonetheless, unlike decisions of the California Supreme Court, we are not bound to follow decisions of the lower federal courts.  (*McMullen v. Haycock* (2007) 147 Cal.App.4th 753, 758; *Montano v. Wet Seal Retail*, *Inc*. (Jan. 7, 2015, B244107) ___ Cal.App.4th ___, fn. 5 [2015 Cal.App. Lexis 8, *14-15, fn. 5], opn. mod. Jan. 13, 2015 [2015 Cal.App. Lexis 29] ["Until the United States Supreme Court resolves this issue, we are bound to follow the California Supreme Court's decision in *Iskanian* that PAGA waivers are invalid under state law"].)

In the alternative, Apple asked that we hold this appeal in abeyance while the United States Supreme Court considered the petition for writ of certiorari filed in *Iskanian*. As stated, *ante*, the United States Supreme Court denied the petition for writ of certiorari filed in *Iskanian*. We therefore decline to hold this appeal in abeyance.

Because the enforcement of waivers of representative PAGA claims in employment contracts violates California public policy, and our Supreme Court has held the FAA does not preempt that public policy, we must conclude the trial court correctly denied Apple's petition to compel Salazar to arbitrate his PAGA claim.

## III.

## DISPOSITION

The order denying Apple's petition to compel arbitration is affirmed. Salazar is awarded his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
                                                    Acting P. J.
We concur:


MILLER
                    J.


CODRINGTON
                    J.

10